UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUN 1 1 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| CLEMENTE GARCIA-SEGURA, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-13 |
| | § | CRIMINAL NO. B-99-195-01 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Clemente Garcia-Segura has filed a timely 28 U.S.C. § 2255 Application to Vacate, Set Aside, or Correct Sentence. For the reasons set out below, Petitioner's 28 U.S.C. § 2255 Application should be DENIED.

### BACKGROUND

On May 11, 1999, Petitioner was charged by indictment in the Southern District of Texas, Brownsville Division, with illegal reentry, in violation of Title 8 U.S.C. §§ 1326(a) and 1326(b). Petitioner was arrested for unlawful reentry into the United States after being previously deported from the United States due to his conviction for possession of a controlled substance in Dallas County, Texas on May 6, 1994. On July 9, 1999, Petitioner pleaded guilty to the indictment and was sentenced to fifty-seven (57) months incarceration followed by a three-year period of supervised release. The District Court also ordered Petitioner to pay $100 in mandatory costs.

Petitioner appealed his sentence to the Fifth Circuit claiming that the District Court erred in denying his motion to suppress and to dismiss the indictment, in which he argued that his prior deportation proceedings violated his right to due process. However, Petitioner conceded that the

only issue raised on appeal is foreclosed by the decision in *United States v. Benitez-Villafuerte*.[1]

On September 15, 2000, the District Court's ruling was affirmed. On January 23, 2002, Petitioner filed this timely 28 U.S.C. § 2255 Application.

## ALLEGATION

Petitioner alleges that his sentence should be reduced from fifty-seven (57) months to a range of twenty-four (24) to thirty (30) months in accordance with the recently amended U.S.S.G. § 2L1.2, which was ameliorated on November 1, 2001.

## ANALYSIS

The 2001 amendment to Guideline 2L1.2 does not affect Petitioner's sentence. Retroactive application of guideline amendments is limited to those specifically listed in Guideline 1B1.10(c). Amendment 632, which amended Guideline 2L1.2, is not one of the listed amendments.[2] Therefore, it cannot be retroactively applied to resentence the Petitioner, and this case should be dismissed summarily in accordance with Rule 4(b) of the Rules Governing § 2255 Proceedings.

## RECOMMENDATION

For the reasons stated above, it is recommended that Petitioner's 28 U.S.C. § 2255

---

[1] *United States v. Benitez-Villafuerte*. 186 F.3d 651, 656-60 (5th Cir. 1999), *cert. denied*, 120 S. Ct. 838 (2000) (To successfully collaterally attack a deportation order in a § 1326 prosecution, the alien must show (1) that the deportation hearing was fundamentally unfair, (2) that the hearing effectively eliminated the right of the alien to challenge the hearing by means of judicial review of the deportation, and (3) the procedural deficiencies caused him actual prejudice); (Clearly the expedited statutory deportation scheme comports with the minimum requirements of due process pronounced by the Supreme Court. Thus, if INS complied with the statutory mechanism when deporting the alien, such deportation complies with the standards of due process, and evidence of this prior deportation is admissible).

[2] *See* U.S.S.G. 2L1.2 and 1B1.10 (2001); *United States v. Perez*, 2002 WL 47154 (N.D.Ill. Jan. 11, 2002); *United States v. Lykes*, 73 F.3d 140 (7th Cir. 1995).

Application be DENIED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[3]

DONE at Brownsville, Texas, this _____ day of June, 2002.

Felix Recio
United States Magistrate Judge

---

[3] *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).